HENRY MISENER and Another, Plaintiffs, *v.* SALVATORE FEMIANO and Others, Defendants.

Supreme Court, Monroe County, July 11, 1930.

*Webster & Smith*, for the plaintiffs.

*Picciotti & Salamone* [*Merwin Morehouse* of counsel], for the defendants Femiano and Clifford.

RODENBECK, J. The signatures to the deed from the plaintiffs to their son George, the assignment to the defendant Femiano of the bond and mortgage purporting to have been given by him to them, and the second alleged bond and mortgage from them to him, upon the purported reconveyance to them by him, and their alleged certificate of estoppel, are all forgeries, including the name of the commissioner who took the acknowledgments of the various instruments. They are, therefore, null and void, and all transactions dependent upon them. (*Marden* v. *Dorthy*, 160 N. Y. 39.)

The defense of equitable estoppel has not been established. The defendant Clifford, who took an assignment of the forged bond and mortgage, undertook to testify that between January 13, 1928, the date when he took a collateral security assignment of the second bond and mortgage, and September 5, 1928, he had called on the plaintiffs and had seen one or both of them about the default in payment of the interest on the note, as collateral security for which

the assignment was given, but he is confronted by a statement made on a former trial in another case, that he had not seen the plaintiffs between those dates. The defendant Femiano undertook to show that the plaintiffs were at the office of his attorney when the transaction in relation to the assignment of the bond and mortgage to him was made, but later in his testimony he said that he did not remember whether they were there or not. The son of the defendant Femiano undertook to testify to conversations with the plaintiffs, or one of them, between the assignment of the mortgage to the Femianos, January 20, 1927, and September 5, 1928, but his testimony, in the light of his contradictions and his attitude on the stand, is incredible. He said, for instance, on direct examination, that in one of these conversations, six months after the alleged first payment was made, which would be in the latter part of the year 1927, he had been given a check for $455, signed by one of the plaintiffs, and, after the check was put in evidence, it was discovered that the check was dated May 10, 1928, and thereupon, after recess, he promptly stated that the transaction occurred at the time the check was dated. The hopeless and despairing attitude of this witness, when involved in numerous contradictions, cannot be transferred to the printed record.

The checks, upon which the equitable estoppel is sought to be based, are forgeries. The body of the checks is in the handwriting of the son George, who had, concededly, forged his father's and mother's names to the deed, executed back to them the bond and mortgage which he subsequently assigned to the defendant Femiano, and, thereafter, executed a deed back to his father and mother, forged their names to a second bond and mortgage, which he subsequently assigned to the defendant Clifford as collateral security for a loan.

But, even if it be conceded that the two checks of May 10, 1928, and August 1, 1928, are genuine, they do not constitute a basis for the application of the principle of equitable estoppel, since they have not operated to " affect or interfere with the relations and situation of the parties," not having been paid and the defendants not having acted upon them. (*Rothschild* v. *Title Guarantee & Trust Co.*, 204 N. Y. 458, 464.)

There is no evidence in the case from which it is reasonable to conclude that the plaintiffs recognized or adopted the spurious deeds, bonds, mortgages or assignments in question. There is no evidence of any payment by them on the bond and mortgage, or the receipt of any money which was the proceeds of the Femiano assignment, or the discounting of the note for which the Clifford assignment was given. The plaintiffs' son, George, had been

forging one or both of the plaintiffs' names, and there is no evidence that up to September 5, 1928, they knew of the alleged conveyance relating to their property, or of the bonds and mortgages thereon. The assignments held by the defendants are based upon instruments that are null and void, and the transactions relating to the property are ineffective and void and should be canceled of record. (*Rothschild* v. *Title Guarantee & Trust Co., supra.*)

Upon equitable principles, where the rules of estoppel, acquiescence or ratification do not control, the party actively participating in a transaction based upon a forged instrument should suffer rather than the passive victim of such criminal acts.

The deeds, bonds and mortgages in question, and the assignments to the defendants Femiano and Clifford, are void and should be set aside, with costs to the plaintiffs against each of the defendants.